## Commonwealth, Appellant, *v.* Cruikshank.

*Contracts—Official bond—Prothonotary—Failure to enter judgment—Lienable interest in land—Evidence—Written contract.*

In an action on the official bond of a prothonotary to recover damages for alleged loss resulting from the failure of the prothonotary properly to index a judgment, the case is for the jury and a verdict for the defendants will be sustained where it appeared that the plaintiff's right to recover depended upon the question whether the defendant in the judgment had any lienable, equitable interest in a certain property to which the judgment could attach, and such interest was alleged to spring from a written contract between the defendant in the judgment and a third party, which contract plaintiff failed to produce, or to account for its loss, so that evidence aliunde of its contents could properly be considered.

Argued Oct. 5, 1915. Appeal, No. 6, Oct. T., 1915, by plaintiff, from judgment of C. P. Butler Co., Dec. T., 1911, No. 47, on verdict for defendants, in case of Commonwealth of Pennsylvania at the suggestion and to the use of the Pittsburgh Brewing Company, a Corporation, v. James M. Cruikshank, Leslie P. Hazlett and Blair Hooks. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on an official bond. Before REIBER, P. J. The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiffs appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for plaintiff.

*J. W. Hutchison,* with him *B. R. Williams,* for appellant.

*T. C. Campbell,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 3, 1916:

James M. Cruikshank, one of the defendants below, was prothonotary of Butler County from the first Monday of January, 1909, to the first Monday of January, 1912. The other two defendants were the sureties on his official bond. This action was brought upon that obligation to recover loss which the appellant alleges it sustained through the failure of Cruikshank, while he was serving as prothonotary, to properly index a judgment entered on a note given to it by George B. Kissell. On March 16, 1909, Kissell, with another, executed a judgment note for $2,313, payable to the order of the appellant, the Pittsburgh Brewing Company, one day after date. Judgment was entered on this note in the Court of Common Pleas of Butler County on April 14, 1909, for the purpose of acquiring a lien on a farm in said county in which the appellant alleges Kissell had at that time such an interest as would be bound by a judgment against him. It is conceded that the judgment was erroneously indexed, and it is also admitted that, if Kissell had, at the time it was so indexed, any interest in land in the county which could be bound by a judgment, the plaintiff would be entitled to recover the value of such interest. Whether he had such interest was a question submitted to the jury under oral and record evidence, and the complaint of the appellant, against whom the verdict was returned, is that the court erred in not declaring as a matter of law that Kissell did have an interest in land to which the lien of its judgment attached, while the appellee contends that, under the evidence, a verdict ought to have been directed in his favor. Only one piece of land is involved, and if Kissell had no interest in it on April 14, 1909,—the date of the entry of the judgment—the appellant has sustained no loss. The burden was upon it to show the existence of such interest at the time of the entry of the judgment, and we take

up the evidence upon which the fundamental question in the case went to the jury.

In January, 1909, George B. Kissell was the owner of a hotel property in the City of Pittsburgh, and a Mrs. H. F. Leseman owned a farm of one hundred acres in Lancaster Township, Butler County. This is the farm here involved. By an agreement in writing, dated January 20, 1909, Kissell and Mrs. Leseman agreed to exchange their properties. That agreement was in existence at a former trial of the case and was identified as "Exhibit B." It does not appear from the record whether it was offered in evidence on that trial, but it does appear that no excuse was given for the failure to produce it at the second trial, in which the verdict was returned against the appellant. That agreement was the basis of its right to recover, if entitled to recover, for it contained the terms and conditions upon which the exchange of the properties was to be made, and from it, as the best evidence in the case, it was to be determined whether Kissell had any lienable interest in the hundred-acre farm in Lancaster Township prior to the delivery of the deed to him. But, in the face of specific objection by learned counsel for the defendants below, the plaintiff was permitted to show what it alleges was done in pursuance of that written agreement or contract, not produced, and the failure to produce it not explained. On January 20, 1909, Mrs. Leseman executed a deed to Kissell for the hundred-acre farm, and acknowledged the same on March 8, 1909. This deed was placed in the hands of B. F. Falkner, the real estate agent who negotiated the deal between Kissell and Mrs. Leseman, and he held it until April 20, 1909, when he delivered it to Kissell. Upon its delivery to him Kissell placed it on record on the same day and conveyed the property to Mary Varley by deed acknowledged April 22, 1909, the judgment index showing no judgment against him at that time. The judgment of the appellant had been entered April 14, 1909,—six days before the delivery of the deed to Kissell and eight days

before his conveyance of the property to a purchaser, who, in turn, conveyed it to an innocent purchaser on September 17, 1909.

The legal title to the farm did not pass to Kissell until April 20, 1909, the date of the delivery of Mrs. Leseman's deed to him. In an effort to prove that Kissell had an equitable interest in the land on April 14, 1909,—the day the appellant's judgment was entered against him—it was permitted to show the execution of the deed by Mrs. Leseman in January, the holding of it in escrow until April 20, 1909, and the delivery of it on that day, all alleged to have been done in carrying a written agreement into effect, and yet how could the court or jury have known whether this was so, for what was that agreement? What were its terms? What interest, if any, was given to Kissell by it before he actually received the deed? It was not offered in evidence, nor was the failure to produce it explained by the appellant, though upon what was done in pursuance of it the contention is that Kissell had an equitable or lienable interest in the farm at the time its judgment was entered. The burden was upon it to show this by the best evidence obtainable, and that was the written agreement, which may have shown an equitable interest in Kissell from the time it was executed, or it may have shown that he had no interest of any kind until the deed was actually delivered to him. Without this agreement before them, or without proof of its terms after proof of its loss, or the inability of the appellant to produce it, the jury did not have before them the evidence which the plaintiff was bound to submit to them to show that Kissell had any interest in the land before April 20, 1909, and, for this reason, a verdict should have been directed for the defendants, as requested by their first point. It is for the appellee, rather than for the appellant, to complain that the case was not taken from the jury. As the judgment must be affirmed for the reason stated, appellant's assignments of error are unavailing.

Judgment affirmed.